IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TASH JERNAZIAN, ET AL., | § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:22-CV-00197-ALM- |
| v. | § § | CAN |
| LITTLE ELM POST OFFICE, | § § | |
| Defendant. | § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On March 11, 2022, *pro se* Plaintiff Tash Jernazian ("Plaintiff") filed a Complaint in the Eastern District of Texas [Dkt. 1]. No filing fee was paid, nor *in forma pauperis* request made at this time. On March 21, 2022, the Court directed Plaintiff to "either pay the requisite filing fee or submit a proper application to proceed *in forma pauperis*" no later than April 5, 2022 [Dkt. 3]. The Court expressly warned Plaintiff that "[f]ailure to comply with this Order may result in the dismissal of this lawsuit" [Dkt. 3 at 2]. The tracking information reflects delivery of the Court's Order on April 1, 2022 [*See docket generally*]. Out of an abundance of caution, on January 23, 2023, the Court provided Plaintiff an additional opportunity to either pay the filing fee or submit an application to proceed *in forma pauperis* no later than February 7, 2023 [Dkt. 4]. To date, Plaintiff has failed to pay the filing fee or submit a motion to proceed *in forma pauperis*. Plaintiff has failed to prosecute this case in compliance with the Court's Orders. *See* FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused.

*Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's Order requiring payment of the full filing fee or submission of a complete *in forma pauperis* request [Dkts. 3; 4]. Thus, the present case should be dismissed. *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed"), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring payment of the initial partial filing fee, payment of the full filing fee upon his release from confinement, and he has not filed any other request for relief since the most recent Order. Plaintiff has failed to act. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE